

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2007

# USA v. Harris

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3699

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Harris" (2007). *2007 Decisions*. Paper 251.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/251

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3699
_____

UNITED STATES OF AMERICA

vs.

GERALD D. HARRIS,

Appellant

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 06-cr-00011)
District Judge: The Honorable Alan N. Bloch


_____


Submitted Under Third Circuit LAR 34.1(a)
October 30, 2007


Before: RENDELL and NYGAARD, Circuit Judges.
and VANASKIE,[*] District Judge.

(Filed: November 7, 2007)


_____


_____

    *Honorable Thomas I. Vanaskie, District Judge for the United States District
Court for the Middle District of Pennsylvania, sitting by designation.

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with the facts underlying this appeal, we offer only an abbreviated recitation of the background necessary to explain why we will affirm.

After the District Court denied appellant Gerald D. Harris' motion to suppress physical evidence, Harris pleaded guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § § 922(g)(1) and 924(e), but he reserved the right to appeal the ruling on his suppression motion.

In support of his appeal, Harris first argues that the officers did not have a reasonable suspicion to approach, stop and detain him.  He is wrong.  It is axiomatic that a police officer may conduct a pat-down search for weapons when he or she reasonably suspects that criminal activity may be afoot and that the persons with whom he or she is dealing may be armed and presently dangerous. Harris had been observed by other police officers putting a handgun into the waistband of his pants.  He was visibly nervous when approached and could not produce a driver's license when asked.  This information clearly provided the officers with a "reasonable suspicion"at the time of the pat-down search.

Contrary to Harris' second argument, the police also had probable cause to arrest him.  The officers found illegal narcotics on him.  The officers had knowledge from

colleagues that Harris was armed.  Finally Harris attempted to flee the scene.  All this provided the necessary probable case for his arrest.

Harris' contention that he did not consent to the search of the van in which the firearm was found need not detain us long.  The record indicates that Harris voluntarily gave police permission to search the van.  After being asked by the police if they could search the van, Harris told them to "go ahead" and "go ahead, you can search it."  He was even asked by the police officers if "he was sure" they could search the vehicle and Harris replied "yes."  Even had Harris not consented, the officers had probable cause to search the vehicle incident to Harris' arrest. Harris was arrested after being seen leaning into a van and placing something into it.  Hence, the search was incident to his arrest and was, therefore, valid.

For the foregoing reasons, we will affirm the judgment of the District Court.